### VAIDEN v. RUDOLPH.

(Supreme Court, Appellate Term, First Department. December 23, 1913.)

SALES (§ 38*)—GROUNDS FOR RESCISSION—FRAUDULENT REPRESENTATIONS.

Where a person is induced to buy furniture by false representations that the seller is not a secondhand furniture dealer but is merely disposing of her own personal furniture which has never been used by any one else, he may rescind, even though such representations do not affect the actual value of the furniture.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 65–77, 85; Dec. Dig. § 38.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Cowells Meade Vaiden against Louise Rudolph. From a judgment sustaining demurrer to the complaint, plaintiff appeals. Reversed.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

O'Brien, Malevinsky & Driscoll, of New York City (Arthur F. Driscoll, of New York City, of counsel), for appellant.

John F. Cowan, of New York City, for respondent.

LEHMAN, J. The complaint alleges in effect that the plaintiff was induced to enter into a contract for the purchase of furniture actually worth $100 for the sum of $380 by false and fraudulent representations of the defendant that she was not a dealer in secondhand furniture but that she was a lady disposing of her own personal furniture which had never been used by any one but herself, because she was leaving the city of New York; that the house at 244 Central Park West was her own private residence; and that the furniture was her own personal furniture. The complaint further alleges that the de-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant conducts a shop for the sale of secondhand and used furniture at No. 244 Central Park West, and defendant is a dealer in secondhand furniture. The defendant demurs to the complaint urging that the alleged representations are not material.

In my opinion the defendant's contention should not be sustained. A purchaser might reasonably prefer to buy secondhand furniture which had been used only in the manner described rather than secondhand furniture from a shop where knowledge of its previous use cannot be obtained. Aside, however, from this fact, the plaintiff had a right to enter into a contract with any person she pleased, and, if she was induced to enter into a contract with a secondhand dealer by representations that she was dealing with a private seller, then in my opinion she should not be held to the contract. Conceding that the representations did not affect the actual value of the furniture, they were an inducing cause in the making of a contract with this defendant and in that sense were material.

Judgment should be reversed, with costs, and demurrer overruled, with costs, with leave to defendant to withdraw her demurrer and file a verified answer within six days upon payment of taxable costs.

WHITAKER, J., concurs.

PAGE, J. I concur in a reversal of the judgment on the first ground stated by Mr. Justice LEHMAN.